```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
MOSHE BRACKMAN,                              :
                                             :      Case No.:
                         Plaintiff,          :
                                             :      COMPLAINT
         -  against  -                       :
                                             :
RELIN, GOLDSTEIN & CRANE, LLP,               :
                                             :
                         Defendant           :
------------------------------------------------------------- X
```

MOSHE BRACKMAN (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against RELIN, GOLDSTEIN & CRANE, LLP, (hereinafter referred to collectively as "*Defendants*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of Florida, but submits to this Court's jurisdiction.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant, is a collection law firm with an office located at 28 East Main St Suite 1800, Rochester, NY 14614.

8. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Upon information and belief, on a date better known by Defendant, a consumer debt belonging to the Plaintiff was assigned or otherwise transferred to Defendants for collection.

11. The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Despite residing in Miami Dade County, Florida, the Defendant filed a lawsuit against the Plaintiff in the Kings County, New York, for the collection of said debt. See Complaint attached hereto as Exhibit 1.

13. Plaintiff's residence is in Miami Dade County, and he previously resided in Colorado. See Plaintiff's redacted utility bill attached hereto as Exhibit 2 showing his current residence in Florida, as well as his Colorado driver's license attached hereto as Exhibit 3.

14. Plaintiff did not open up the consumer debt account in New York, but upon information and belief, it was opened when he resided in Colorado.

15. Had Defendant performed its due diligence and conducted a reasonable investigation as to Plaintiff's residence, Defendant would have easily discovered that Plaintiff resided in Miami Dade County, as even other banks had his address in Florida. See letter from Chase attached hereto as Plaintiff's Exhibit 4.

16. If Defendant had done a simple skip search prior to filing suit as well as reviewing the original creditor's files, Defendant would have clearly seen that Plaintiff resides in Miami, and currently has no connection to New York.

17. However, in spite of all of the above, Defendants still chose to serve Plaintiff in Kings County, New York rather than at his personal residence in Miami Dade County.

18. As a result of this filing, Plaintiff is in fear that Defendant is using the New York Court system in an attempt to get a judgment obtained via sewer service.

19. Furthermore, Plaintiff is even more worried about how many other frivolous lawsuits are possibly out there, now or in the future, in counties where he has no connection to.

20. The Defendant misrepresented to the Court that Kings County had jurisdiction over Plaintiff or over the subject matter.

21. The Defendant misrepresented to the Court that Defendant was properly served.

22. The Plaintiff is confused as to why Defendant would sue him in a faraway county and require him to travel hours to defend himself.

23. Plaintiff was and is fearful of the dishonest and sneaky tactics that Defendant has employed in an attempt to confuse him as to where to even go to court to defend himself.

24. As a result of Defendant's actions, Plaintiff has sustained an injury in fact, as it required him to research law firms in a foreign state, without being able to go and interview potential attorneys, and was forced to hire an attorney to protect his interests in New York, despite not living in New York.

25. Furthermore, Plaintiff is irate why Defendant believes its acceptable to attempt to serve a relative of his in New York, thereby disclosing his personal debts to his relatives.

26. The above constitutes a "communication" as defined by 15 U.S.C. § 1692a(2).

## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

27. Plaintiff repeats the allegations contained in paragraphs above as if the same were set forth at length.

28. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

29. By Defendant's actions as set forth above, Defendant violated:

    a. 15 U.S.C. § 1692 et seq. of the FDCPA in connection with its communications sent to Plaintiff;

    b. 15 U.S.C. § 1692c(b) prohibits a debt collector to communicate with any person other than the consumer without the prior permission of the debtor;

    c. 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse Plaintiff;

    d. 15 U.S.C. § 1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

    e. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

    f. 15 U.S.C. § 1692e(5), the threating to take any action that cannot legally be taken or that is not intended to be taken;

    g. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

    h. 15 U.S.C. § 1692f prohibits a debt collector from using any unfair or unconscionable means in connection with the collection of any debt.

i. 15 U.S.C. § 1692i(a)(2) requires a debt collector to bring a legal action only in a judicial district where the contract was signed or where the consumer resided at the commencement of the action.

## JURY DEMAND

j. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a. Damages against Defendants pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's costs of retaining state court counsel to vacate the judgment; and

d. Plaintiff's costs; all together with

e. Such other relief that the Court determines is just and proper.

Dated: December 7, 2022

Brooklyn, New York

    /s/ Joseph Balisok
Joseph Balisok, Esq.
251 Troy Ave
Brooklyn, NY 11213
Office (718) 928-9607
Fax (718) 534-9747
Joseph@LawBalisok.com
Attorney for Plaintiff